Fill in this information to identify you case:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS**

Debtor 1:  **Thomas Manuel**
First Name   Middle Name   Last Name

Debtor 2 (filing spouse):  **Victoria Manuel**
First Name   Middle Name   Last Name

Case Number: **24-40188**

**For amended plans only:**

☐ Check if this amended plan is filed prior to any confirmation hearing.

☐ Check if this amended plan is filed in response to an initial denial order or a continuance that counted as an initial denial.

List the sections which have been changed by this amended plan:
_____

**TXEB Local Form 3015-a**

# CHAPTER 13 PLAN

**Adopted: Dec 2017**

## Part 1:  Notices

**To Debtor[1]:**  This plan form is designed for use when seeking an initial confirmation order. It sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. **When you file this Plan, you must serve a copy of it upon each party listed on the master mailing list (matrix) of creditors as constituted by the Court on the date of service and evidence that service through a Certificate of Service affixed to this document that attaches a copy of the matrix of creditors which you served. The most current matrix in this case is available under the "Reports" tab of the CM-ECF system.**

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose any permanent treatment of your claim as outlined in this plan, you or your attorney must file an objection to confirmation of this Plan. An objection to confirmation must be filed at least **14 days** before the date set for the plan confirmation hearing. That date is listed in ¶ 9 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. The objection period may be extended to 7 days prior to the confirmation hearing under the circumstances specified in LBR 3015(f). In any event, the Court may confirm this plan without further notice if no objection to confirmation is timely filed.

Regardless of whether you are listed in the Debtor's matrix of creditors or in the Debtor's schedules, **you must timely file a proof of claim** in order to be paid under this Plan. The deadline for filing claims is listed in ¶ 8 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. Disbursements on allowed claims will begin on the Trustee's next scheduled distribution date after the Effective Date of the Plan. See § 9.1.

*The Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.*

| 1.1 | A limit on the amount of an allowed secured claim through a final determination of the value of property constituting collateral for such claim, as set forth in § 3.10 of this Plan, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, as set forth in § 3.9 of this Plan. | ☐ Included | ☑ Not Included |
| 1.3 | Potential termination and removal of lien based upon alleged unsecured status of claim of lienholder, as set forth in § 3.11 of this Plan. | ☐ Included | ☑ Not Included |

[1] The use of the singular term "Debtor" in this Plan includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

Debtor __Thomas Manuel___
Victoria Manuel___                                                                                    Case number __24-40188__

| 1.4 | Nonstandard provisions as set forth in Part 8. | ☑ Included ☐ Not Included |
|---|---|---|

## Part 2: Plan Payments and Length of Plan

**2.1** **The applicable commitment period for the Debtor is 36 months.**

**2.2** **Payment Schedule.**

Unless the Court orders otherwise, beginning on the 30th day after the Petition Date[2] or the entry date of any order converting this case to Chapter 13, whichever is later, the Debtor will make regular payments to the Trustee throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the "**Plan Term**"). The payment schedule shall consist of:

☐ **Constant Payments:** The Debtor will pay $_____ per month for _____ months.

☑ **Variable Payments:** The Debtor will make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

**2.3** **Mode of Payment.** Regular payments to the Trustee will be made from future income in the following manner: [*Check one*]

☐ Debtor will make payments pursuant to a wage withholding order directed to an employer.

☑ Debtor will make electronic payments through the Trustee's authorized online payment system.

☐ Debtor will make payments by money order or cashier's check upon written authority of the Trustee.

☐ Debtor will make payments by other direct means only as authorized by motion and separate court order.

**2.4** **Income tax refunds.**

In addition to the regular monthly payments to the Trustee, and in the absence of a court order to the contrary, the Debtor is required to:

(1) supply a copy of each federal income tax return, including all supporting schedules, filed during the Plan Term to the Trustee within 14 days of filing the return; and

(2) remit to the Trustee within 14 days of receipt all federal income tax refunds received by each Debtor during the plan term which will be added to the plan base; provided, however, that the Debtor may retain from each such refund up to $2,000.00 in the aggregate on an annual basis if the Debtor is current on the payment obligations to the Trustee under this Plan at the time of the receipt of such tax refund.

The Debtor hereby authorizes the Trustee to endorse any federal income tax refund check made payable to the Debtor during the plan term.

**2.5** **Additional payments.** [*Check one*]
☑ **None.** *If "None" is checked, the rest of § 2.5 need not be completed.*

**2.6** **Plan Base.**

The total amount due and owing to the Trustee under §§ 2.2 and 2.5 is **$154,000.00** which, when combined with any income tax refunds due to the Trustee under § 2.4, any litigation proceeds due to the Trustee under § 9.3, and any other funds received by the Trustee on the Debtor's behalf during the Plan Term, constitutes the "**Plan Base**."

## Part 3: Treatment of Secured Claims

**3.1** **Post-Petition Home Mortgage Payments.** [*Check one*]

☐ **No Home Mortgage.** *If "No Mortgage" is checked, the remainder of § 3.1 need not be completed.*

☐ **Home Mortgage Maturing Before or During Plan Term.** *If "Mortgage Maturing" is checked, the claim will be addressed in § 3.4. The remainder of § 3.1 need not be completed.*

☑ **Direct Home Mortgage Payments by Debtor Required.**

On the Petition Date[2], the Debtor owed the following claims secured only by a security interest in real property that is the Debtor's principal residence. The listed monthly payment amount is correct as of the Petition Date. Such mortgage claims (other than related Cure Claims addressed in § 3.2), shall be paid directly by the Debtor in accordance with the pre-petition

---

[2] The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

Debtor   __Thomas Manuel__
Victoria Manuel                                                                                          Case number   __24-40188__

contract, including any rate changes or other modifications required by such documents and noticed in conformity with any applicable rules, as such payments become due during the Plan Term. The fulfillment of this requirement is critical to the Debtor's reorganization effort.  **Any failure by the Debtor to maintain payments to a mortgage creditor during the Plan Term may preclude confirmation of this Plan and, absent a subsequent surrender of the mortgage premises, may preclude the issuance of any discharge order to the Debtor under § 1328(a)**[3]. The Trustee will monitor the Debtor's fulfillment of this direct payment obligation ("DPO").

| Mortgage Lienholder | Property Address | Monthly Payment Amount by Debtor | Due Date of Monthly Payment |
|---|---|---|---|
| 1. **Chase Mortgage** | **702 S Ballard Ave Wylie, TX 75098  Collin County** | $1,389.93<br>Amount inc:<br>☑ Tax Escrow<br>☑ Insurance Escrow<br>☐ Other | **1st** |
| 2. **Shellpoint Mortgage Servicing** | **412 Crepe Myrtle Lane Murphy, TX 75094  Collin County Homestead** | $1,902.16<br>Amount inc:<br>☑ Tax Escrow<br>☑ Insurance Escrow<br>☐ Other | **1st** |

**3.2    Curing Defaults and Maintenance of Direct Payment Obligations.** [*Check one*]

☐ **None.** *If "None" is checked, the remainder of § 3.2 need not be completed*.

☑ **Cure Claims.** On the Petition Date, the Debtor was delinquent on payments to satisfy certain secured claims or upon obligations arising under an executory contract or an unexpired lease that the Debtor has elected to assume under § 6.1 of this Plan. While remaining current on all direct payment obligations (future installment payments) as each comes due under the applicable contractual documents during the plan term (a "DPO"), the Debtor shall cure all such delinquencies through the Plan as listed below (a "Cure Claim"). Each listed claim constitutes a separate class. The total amount of each allowed Cure Claim will be paid in full by the Trustee. The Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each Cure Claim listed below until such time as the allowed amount of each Cure Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected Cure Claim amount listed below.  No interest will be paid on any Cure Claim in the absence of documentary proof that the applicable contractual documents entitle the claimant to receive interest on unpaid interest.

If the automatic stay is terminated as to the property for which a Cure Claim exists at any time during the Plan Term, the next distribution by the Trustee on such Cure Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the Cure Claim and regular distributions on that Cure Claim shall be reinstituted. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the Cure Claim shall thereafter be addressed solely under applicable state law procedures and will no longer be treated by the Plan. The completion of payments contemplated in this subsection constitutes a cure of all defaults of the Debtor's obligation to each listed claimant.

| Claimant | Collateral/Property/Contract Description | Debtor's DPO Amount | Projected Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|---|
| | | | | | | |

---

[3] All statutory references contained in this Plan refer to the Bankruptcy Code, located in Title 11, United States Code.

TXEB Local Form 3015-a [eff. 12/2017]                                   Chapter 13 Plan                                                      Page 3

Debtor    __Thomas Manuel__
__Victoria Manuel__                                                                                                    Case number  __24-40188__

| Claimant | Collateral/Property/Contract Description | Debtor's DPO Amount | Projected Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|---|
| 1. **Chase Mortgage**<br>☐ Debt Maturing During Plan Term.<br>☑ Debt Maturing After Completion of Plan Term.<br>☐ Curing Assumed Executory Contract or Lease Obligation Pursuant to § 6.1. | 702 S Ballard Ave Wylie, TX 75098  Collin County | $1,389.93 | $2,395.85 | 0.00% | pro rata | $2,395.85 |
| 2. **Shellpoint Mortgage Servicing**<br>☐ Debt Maturing During Plan Term.<br>☑ Debt Maturing After Completion of Plan Term.<br>☐ Curing Assumed Executory Contract or Lease Obligation Pursuant to § 6.1. | 412 Crepe Myrtle Lane Murphy, TX 75094  Collin County<br>**Homestead** | $1,902.16 | $1.00 | 0.00% | pro rata | $1.00 |

**3.3**     **Secured Claims Protected From § 506 Bifurcation.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.3 need not be completed.*

**3.4**     **Secured Claims Subject to § 506 Bifurcation.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.4 need not be completed.*

**3.5**     **Direct Payment of Secured Claims Not in Default.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.5 need not be completed.*

**3.6**     **Surrender of Property.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.6 need not be completed.*

**3.7**     **Lien Retention.**

The holder of a lien securing payment of a claim addressed in §§ 3.1 or 3.2 of this Plan shall retain its lien until the indebtedness secured by such lien is totally satisfied as determined under applicable non-bankruptcy law.  The holder of a lien securing payment of any other allowed secured claim that is governed by this Plan shall retain its lien until the earlier of: (1) the total satisfaction of the indebtedness secured by the lien as determined under applicable non-bankruptcy law; or (2) the entry of a discharge order in favor of the Debtor under § 1328(a).  In each instance, the provisions of this subsection may be superseded by a subsequent order of the Court.

**3.8**     **Maintenance of Insurance and Post-Petition Taxes Upon Retained Collateral.**

For all property that secures the payment of an indebtedness and which is proposed to be retained by the Debtor under this Plan, the Debtor must maintain insurance coverage as required either by the applicable contractual documents governing the indebtedness or as may be directed by the Trustee. The Debtor must also pay all *ad valorem* taxes on property proposed to be retained by the Debtor under this Plan as they come due in the post-petition period.  Such payment shall be tendered to the appropriate taxing authorities in accordance with applicable non-bankruptcy law on or before the last date on which such taxes may be paid without penalty.

**3.9**     **Lien Avoidance.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.9 need not be completed.*

Debtor __Thomas Manuel__
__Victoria Manuel__                                                                                   Case number __24-40188__

**3.10** **Rule 3012 Valuation of Collateral.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.10 need not be completed.*

**3.11** **Lien Removal Based Upon Unsecured Status.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.11 need not be completed.*

## Part 4:    Treatment of Administrative Expenses, DSO Claims and Other Priority Claims

**4.1** **General**

All allowed priority claims, other than those particular domestic support obligations treated in § 4.5, will be paid in full without post-confirmation interest. Where applicable, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each priority claim listed below until such time as the allowed amount of each priority claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected priority claim amount listed below.

**4.2** **Trustee's Fees.**

The Trustee's fees are fixed by the United States Trustee pursuant to the provisions of 28 U.S.C. § 586(e)(2) and, pursuant thereto, shall be promptly collected and paid from all plan payments received by the Trustee.

**4.3** **Attorney's Fees.**

The total amount of attorney's fees requested by the Debtor's attorney in this case is **$5,000.00**. The amount of **$0.00** was paid to the Debtor's attorney prior to the Petition Date. The allowed balance of attorney's fees will be paid by the Trustee from the remaining available funds after the payment of required adequate protection payments pursuant to §§ 3.3 and 3.4 of this Plan.

The allowed balance of attorney's fees to be awarded to the Debtor's attorney in this case shall be determined by:

☑ LBR 2016(h)(1); ☐ by submission of a formal fee application.

**LBR 2016(h)(1)**: If the attorney's fee award is determined by the benchmark amounts authorized by LBR 2016(h), the total fee shall be the amount designated in LBR 2016(h)(1)(A) unless a certification is filed by the Debtor's attorney regarding the rendition of legal services pertaining to automatic stay litigation occurring during the Benchmark Fee Period outlined in that rule. The Trustee is authorized to make the benchmark fee calculation and to recognize the proper enhancement or reduction of the benchmark amount in this case without the necessity of court order. No business case supplement to the benchmark fee shall be recognized unless a business case designation is granted on or before initial confirmation of the Plan.

**Fee Application**: If attorney's fee award is determined by the formal fee application process, such fee application shall be filed **no later than 30 days after the expiration of the Benchmark Fee Period** outlined in LBR 2016(h)(1). If no application is filed within that period, the determination of the allowed amount of attorney's fees to the Debtor's attorney shall revert to the benchmark amounts authorized by LBR 2016(h)(1) without the necessity of any further motion, notice or hearing and the Trustee shall adjust any distributions in this class accordingly.

**4.4** **Priority Claims: Domestic Support Obligations ("DSO").** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 4.4 need not be completed.*

**4.5** **Priority Claims:  DSO Assigned/Owed to Governmental Unit and Paid Less Than Full Amount.** [C*heck one*]

☑ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

**4.6** **Priority Claims: Taxes and Other Priority Claims Excluding Attorney's Fees and DSO Claims.** [*Check one*].

☐ **None.** *If "None" is checked, the remainder of § 4.6 need not be completed.*

☑ **Other Priority Claims.**

| Priority Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| 1. __INTERNAL REVENUE SERVICE__ | $**0.00** | $**0.00** |

Debtor __Thomas Manuel__
__Victoria Manuel__                                                                                                          Case number __24-40188__

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Specially Classed Unsecured Claims.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 5.1 need not be completed.*

**5.2** **General Unsecured Claims.**

Allowed nonpriority unsecured claims shall comprise a single class of creditors and will be paid:

☐ **100% + Interest at 0.00%;**

☐ **100% + Interest at 0.00% with no future modifications to treatment under this subsection;**

**X** *Pro Rata* **Share:** of all funds remaining after payment of all secured, priority, and specially classified unsecured claims.

**5.3** **Liquidation Analysis: Unsecured Claims Under Parts 4 & 5.**

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims under Part 4 of this Plan and the holders of nonpriority unsecured claims under Part 5 of this Plan would be paid an aggregate sum of approximately **$122418.99**. Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or greater than this amount.

## Part 6: Executory Contracts and Unexpired Leases

**6.1** **General Rule – Rejection.** The executory contracts and unexpired leases of the Debtor listed below are **ASSUMED** and will be treated as specified in § 3.2 of the Plan. All other executory contracts and unexpired leases of the Debtor are **REJECTED**. [*Check one*].

☑ **None.** *If "None" is checked, the remainder of § 6.1 need not be completed.*

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the Debtor only upon the entry of an order for discharge pursuant to § 1328, in the absence of a court order to the contrary.

## Part 8: Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed.*

Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below. A nonstandard provision is a provision not otherwise included in the Official TXEB Form or any deviation from it. *Any nonstandard provision set out elsewhere in this Plan is void. Even if set forth below, any nonstandard provision is void **unless the "Included" box is checked in § 1.4 of this Plan**.*

**Debtor(s) may not incur any post-petition debt, except upon written approval of the Trustee as follows:**
" For purchase of a car: limit of $20,000.00 financed with monthly payment not to exceed $500.00
" For purchase of a home: limit of $250,000.00 financed with total monthly payment including taxes and insurance not to exceed $2,500.00
" Debtor(s) must be current on plan payments and provide an amended budget that includes the proposed payment and updated income information.
" The Trustee cannot approve any request that exceeds the current budget expenditure for the proposed debt or expense.
Debtor(s) must file a motion to incur debt if the request does not fall within the guidelines as stated above.

## Part 9: Miscellaneous Provisions

**9.1** **Effective Date.** The effective date of this Plan shall be the date upon which the order confirming this Plan becomes a final, nonappealable order.

**9.2** **Plan Disbursement Order.** Unless the Court orders otherwise, disbursements by the Trustee under this Plan shall occur in the following order: **(1)** Trustee's fees under § 4.2 upon receipt; **(2)** adequate protection payments under §§ 3.3 and 3.4; **(3)** allowed attorney fees under § 4.3; **(4)** secured claims under §§ 3.2, 3.3 and 3.4 concurrently; **(5)** DSO priority claims under §§ 4.4 and 4.5 concurrently; **(6)** non-DSO priority claims under § 4.6; **(7)** specially classed unsecured claims under § 5.1; and **(8)** general unsecured claims under § 5.2.

Debtor __Thomas Manuel__
__Victoria Manuel__                                                                 Case number __24-40188__

**9.3**  **Litigation Proceeds.** No settlement of any litigation prosecuted by the Debtor during the Plan Term shall be consummated without the consent of the Chapter 13 Trustee and, except as otherwise authorized by the Trustee, all funds received by the Debtor, or any attorney for the Debtor, shall be immediately tendered to the Chapter 13 Trustee for satisfaction of any authorized exemption claim of the Debtor, with the remainder of the funds dedicated as an additional component of the plan base.

### Part 10:   Signatures

/s/ Greg R Arnove                                                Date    February 6, 2024
**Greg R Arnove 00783562**
Signature of Attorney for Debtor(s)

*By filing this document, the attorney for the Debtor or any self-represented Debtor certifies to the Court that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in TXEB Local Form 3015-a, other than any nonstandard provisions included in Part 8, and that the foregoing proposed Plan contains no nonstandard provisions other than those included in Part 8.*

### Part 11:   Certificate of Service to Matrix as Currently Constituted by the Court

Debtor __**Thomas Manuel**__
**Victoria Manuel**  Case number __**24-40188**__

## Exhibit A

The debtor will pay **$1,000.00** for first **35** month(s),
**$95,000.00** each month for next **1** month(s)
**$1,000.00** each month for next **24** month(s)

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TEXAS

| IN RE:<br>THOMAS MANUEL<br>VICTORIA MANUEL | CASE NO: 24-40188<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |
|---|---|

On 2/6/2024, I did cause a copy of the following documents, described below,

CHAPTER 13 PLAN

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 2/6/2024

/s/ Greg Arnove
Greg Arnove  00783562
Attorney for Plaintiff
Collins & Arnove
101 East Park Blvd., Suite 875
Plano, TX  75074
972 379 9250
arnovelaw@gmail.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE:<br><br>THOMAS MANUEL<br>VICTORIA MANUEL | CASE NO: 24-40188<br><br>**CERTIFICATE OF SERVICE**<br>**DECLARATION OF MAILING**<br><br>Chapter: 13 |

On 2/6/2024, a copy of the following documents, described below,

CHAPTER 13 PLAN

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 2/6/2024

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Greg Arnove
Collins & Arnove
101 East Park Blvd., Suite 875
Plano, TX  75074

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
05404
CASE 24-40188
EASTERN DISTRICT OF TEXAS
SHERMAN
TUE FEB 6 14-12-27 CST 2024

ATT
208 S AKARD ST
DALLAS TX 75202-4206

ATI PHYSICAL THERAPY
33204 COLLECTION CENTER DR
CHICAGO IL 60693-0001

ABERNATHY ROEDER BOYD HULLETT
1700 REDBUD BLVD SUITE 300
MCKINNEY TX 75069-3276

AD PAGES SOLUTIONS
1705 K AVE
PLANO TX 75074-6173

AIDVANTAGE
DEPT OF ED LOAN SERVICING
PO BOX 4450
PORTLAND OR 97208-4450

AMERANT BANK NA
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

AMERICAN CORADIUS INTERNATIONAL LLC
2420 SWEET HOME ROAD SUITE 150
AMHERST NY 14228-2244

AMERICAN EXPRESS
PO BOX 6031
CAROL STREAM IL 60197-6031

ATMOS ENERGY
PO BOX 740353
CINCINNATI OH 45274-0353

BANK OF AMERICA
PO BOX 673033
DALLAS TX 75267-3033

BARRETT DAFFIN FRAPPIER TURNER ENGEL LL
4004 BELT LINE ROAD SUITE 100
ADDISON TX 75001-4320

BIREN H PARIKH MD PA
3001 PRESIDENT GEORGE BUSH TPKE SUITE 17
RICHARDSON TX 75082-3542

CAPITAL ONE
ATTN BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130-0285

CAPITAL ONE NA
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901

JPMORGAN CHASE BANK N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

CHOWLY
225 W WACKER DRIVE SUITE 550
CHICAGO IL 60606-1260

CINNAHOLIC FRANCHISING LLC
1567 MT VERNON ROAD SUITE 112
ATLANTA GA 30338-4118

CINTAS
PO BOX 650838
DALLAS TX 75265-0838

CITIBANK SEARS
CITICORP CR SRVSCENTRALIZED BANKRUPTCY
PO BOX 790040
ST LOUIS MO 63179-0040

CLARK HILL
901 MAIN STREET SUITE 6000
DALLAS TX 75202-3748

~~EXCLUDE~~

~~WILLIAM J COLLINS~~
~~COLLINS ARNOVE PC~~
~~101 EAST PARK BLVD~~
~~SUITE 875~~
~~PLANO TX 75074-8813~~

~~EXCLUDE~~

~~COLLINS ARNOVE~~
~~101 EAST PARK BLVE~~
~~SUITE 875~~
~~PLANO TX 75074-8813~~

CONSERVICE
PO BOX 1530
HEMET CA 92546-1530

DISCOVER FINANCIAL
ATTN BANKRUPTCY
PO BOX 3025
NEW ALBANY OH 43054-3025

~~EXCLUDE~~

~~CAREY D EBERT~~
~~P O BOX 941166~~
~~PLANO TX 75094-1166~~

ENERBANK
1245 BRICKYARD RD STE 600
SALT LAKE CITY UT 84106-2562

USPS FIRST CLASS MAILING RECIPIENTS
Parties with names struck through or labeled NO/HC/ATTY were not served via First Class USPS Mail Service.

| | | |
|---|---|---|
| ENERBANK<br>650 S MAIN ST<br>SUITE 1000<br>SALT LAKE CITY UT 84101-2844 | FARMERS ELECTRIC COOP<br>PO BOX 5800<br>GREENVILLE TX 75403-5800 | FIDELITY BANK<br>PO BOX 790408<br>SAINT LOUIS MO 63179-0408 |
| INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | KELLY E FARRIS MD<br>170 FM 544 SUITE 112<br>PLANO TX 75094-4080 | LIQUID ENVIREONMENTAL SOLUTIONS<br>PO BOX 733372<br>DALLAS TX 75373-3372 |
| DEBTOR<br>THOMAS MANUEL<br>412 CREPE MYRTLE LANE<br>MURPHY TX 75094-4349 | VICTORIA MANUEL<br>412 CREPE MYRTLE LANE<br>MURPHY TX 75094-4349 | METHODIST HEALTH SYSTEM<br>PO BOX 655999<br>DALLAS TX 75265-5999 |
| METHODIST RICHARDSON<br>403 WEST CAMPBELL ROAD SUITE 205<br>RICHARDSON TX 75080-3466 | METHODIST RICHARDSON MEDICAL CENTER<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 | MURPHY MARKETPLACE STATION LLC<br>11501 NORTHLAKE DR<br>CINCINNATI OH 45249-1669 |
| NATIONAL BANKRUPTCY SERVICES<br>PO BOX 9013<br>ADDISON TX 75001-9013 | NAVY FCU<br>ATTN BANKRUPTCY<br>PO BOX 3000<br>MERRIFIELD VA 22119-3000 | NAVY FCU<br>ATTN BANKRUPTCY<br>PO BOX 3000<br>MERRIFIED VA 22119-3000 |
| NELNET<br>3015 S PARKER RD<br>SUITE 400<br>AURORA CO 80014-2904 | NELNET<br>PO BOX 87130<br>LINCOLN NE 68501-7130 | ORKIN<br>3330 KELLER SPRINGS RD STE 250<br>CARROLLTON TX 75006-5053 |
| PAWNEE LEASING CORPORATION ATTN SANDI CAR<br>3801 AUTOMATION WAY<br>STE 207<br>FORT COLLINS CO 80525-5735 | PERDUE BRANDON FIELDER COLLINS MOTT<br>1919 S SHILOH RD SUITE 640 LB 40<br>GARLAND TX 75042-8234 | PHILLIPS EDISON COMPANY<br>11501 NORTHLAKE DRIVE<br>CINCINNATI OH 45249-1667 |
| INTUIT INC C O CORPORATION SERVICE COMPANY<br>251 LITTLE FALLS DRIVE<br>WILMINGTON DE 19808-1674 | RADIUS GLOBAL SOLUTIONS LLC<br>7831 GLENROY RD SUITE 250<br>MINNEAPOLIS MN 55439-3117 | REGIONS<br>ENERBANK USA<br>650 S MAIN ST SUITE 1000<br>SALT LAKE CITY UT 84101-2844 |
| RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE SC 29603-0587 | REVEL SYSTEMS INC<br>PO BOX 841068<br>LOS ANGELES CA 90084-0001 | SEARS CREDIT CARDS<br>PO BOX 78051<br>PHOENIX AZ 85062-8051 |

USPS FIRST CLASS MAILING RECIPIENTS NOT ON ECF SERVICE served via First Class USPS Mail Service.
Parties with names struck through or labeled NO/NOT SERVED are not served.

| | | |
|---|---|---|
| SHELLPOINT MORTGAGE SERVICING<br>ATTN BANKRUPTCY<br>PO BOX 10826<br>GREENVILLE SC 29603-0826 | SKYTALE DIGITAL<br>7400 N ORACLE RD SUITE 150415<br>TUCSON AZ 85704-6331 | SOFI LENDING CORP<br>ATTN BANKRUPTCY<br>PO BOX 654158<br>DALLAS TX 75265-4158 |
| SPECTRUM BUSINESS<br>PO BOX 60074<br>CITY OF INDUSTRY CA 91716-0074 | SYNCHRONYPAYPAL CREDIT<br>ATTN BANKRUPTCY<br>PO BOX 965060<br>ORLANDO FL 32896-5060 | THE HARTFORD<br>PO BOX 660916<br>DALLAS TX 75266-0916 |
| TIMEPAYMENT CORP<br>16 NE EXEC OFFICE PARK SOUTH<br>BURLINGTON MA 01803 | TIMEPAYMENT CORP<br>200 SUMMIT DR STE 100<br>BURLINGTON MA 01803-5274 | TIMEPAYMENT CORP LLC<br>ATTN BANKRUPTCY DEPT<br>1600 DISTRICT AVENUE STE 200<br>BURLINGTON MA 01803-5076 |
| TRUE ACCORD<br>16011 COLLEGE BLVD<br>130<br>LENEXA KS 66219-9877 | US ATTORNEY GENERAL<br>DEPARTMENT OF JUSTICE<br>MAIN JUSTICE BUILDING<br>10TH CONSTITUTION AVE NW<br>WASHINGTON DC 20530-0001 | US BANKCORP<br>ATTN BANKRUPTCY<br>PO BOX 108<br>SAINT LOUIS MO 63166-0108 |
| ~~EXCLUDE~~<br>~~US TRUSTEE~~<br>~~OFFICE OF THE US TRUSTEE~~<br>~~110 N COLLEGE AVE~~<br>~~SUITE 300~~<br>~~TYLER TX 75702-7231~~ | USAA FEDERAL SAVINGS BANK<br>10750 MCDERMOTT FWY<br>SAN ANTONIO TX 78288-1600 | WELLS FARGO BANK NA<br>PO BOX 10438 MAC F823502F<br>DES MOINES IA 50306-0438 |

COURT'S LIST OF ECF (ELECTRONIC SERVICE) RECIPIENTS

(U.S. Trustee)
US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702

(Joint Debtor)
Victoria Manuel
412 Crepe Myrtle Lane
Murphy, TX 75094
represented by:
William J. Collins
Collins & Arnove PC
101 East Park Blvd
Suite 875
Plano, TX 75074

william@wcollinslaw.com

(Debtor)
Thomas Manuel
412 Crepe Myrtle Lane
Murphy, TX 75094
represented by:
William J. Collins
Collins & Arnove PC
101 East Park Blvd
Suite 875
Plano, TX 75074

william@wcollinslaw.com

(Trustee)
Carey D. Ebert
P. O. Box 941166
Plano, TX 75094-1166
represented by:
Carey D. Ebert
P. O. Box 941166
Plano, TX 75094-1166

ECFch13plano@ch13plano.com